By the Court, Bronson, J.
The law of 1840 only stays the execution thirty days from the rendition of the judgment-It does not take away any other remedy of the creditor. It is always the duty of the debtor to apply his property to the payment of his debt, whether the creditor has resorted to legcal proceedings or not; and no stay of execution, or other delay in the proceedings, can take away or suspend the obligation. Nothing will do it but the consent of the creditor. He may give time, or forgive the debt. But so long as the debt rerilains, it is the duty of the debtor to pay if he has the means. It is not a good objection that the warrant issued within thirty days after the rendition of the judgment.
*431 Although the creditor has Sworn positively that the debtors have property in some of the specified forms, I caimot think that he meant more than to give the inference which he drew from facts within his knowledge, but which are not stated. The affidavit is in the disjunctive throughout. The charge is, that the debtors have “ rights in action, or some interest in some public or corporate stock, money, or evidences of debt” If the creditor knew that the debtors had effects in all of those forms, he would have been likely to say so. And if he only knew that there were effects in one of those forms, why was net that mentioned without the others 1 If we could have a transcript of the creditor’s mind when he made the affidavit, it would probably read something like this: “ I know that the debtors not long since had a farm, a store of goods, or some other kind of corporeal property, of which they are no longer the owners; and as I cannot find that they have converted it into any other corporeal effects, I conclude that it has been converted into rights in action, public or private stock, money, or evidences of debt.” If such was his train of reasoning, he should have given the facts from which his conclusion was drawn, so that others could judge whether he reasoned correctly. The 'statute provides that no warrant shall issue, unless satisfactory evidence be adduced to ike officer “ establishing one or more of the following particulars.” (§ 4.) This affidavit neither establishes all, nor any “ one or more” of the specified particulars. I do not intend to say that the affidavit must be thus pointed, where the creditor gives the reason why he cannot comply with such a requirement. When he shows that there was tangible property which has been converted into something else which he cannot trace, he may then add his belief that the avails exist in some of the forms mentioned in the statute, without specifying the particular one. But when, as in this case, the creditor, without giving any facts from which the conclusion may be drawn, undertakes to swear that the debtor has effects in some of the forms mentioned in the statute, he should either state that there are effects in all of those forms, or in some one or more of them, specifying which. There is no hardship upon the creditor in *432 such a rule. If he knows that the debtor has property in such a form that it cannot be reached by execution, he must of necessity be able to specify the particular form in which the property .exists; and he should specify, instead of swearing in the alternative. If he does not know, and. only arrives at his conclusion by a process of reasoning, he should give the facts on which his inference is based. This was evidently contemplated by the law-makers. When the debtor is brought before the officer, “he may controvert any. of the facts arid circumstances on which such warrant issued ;” and then there is to be a trial, (§ 7,) and if the officer is satisfied “ that the allegations of the complainant are substantiated,” the debtor may be committed to prison. (§ 9.) While the rule which has been mentioned cannot operate as a hardship upon the creditor, the want of it may prove highly prejudicial to the debtor. He cannot know what facts and circumstances he is called upon to controvert, nor what in particular is to be tried. The more I see of these summary proceedings, the more fully am I convinced that they should he carefully watched. They will otherwise he turned into the means of oppression. The creditor may' be his own witness, for the purpose of procuring the warrant, (§ 4;) and he chooses his own time for arresting the debtor. It is not too much to require that he should in the first instance make out a plain case. We think the affidavit was not sufficient.
Proceedings reversed.